IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VINCENT BARELA,<br><br>                Plaintiff,<br><br>v.<br><br>JUDY BARELA; LUKE BARELA,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR SERVICE OF PROCESS<br><br><br>Case No. 2:14-CV-920 TS<br><br>District Judge Stewart |

Plaintiff Vincent Barela ("Plaintiff") filed a *pro se* civil rights complaint.[1]  Plaintiff now moves for appointed counsel and for official service of process.  The Court will deny both Motions and dismiss Plaintiff's Complaint without prejudice.

I.  BACKGROUND

On December 23, 2014, Plaintiff was given permission to proceed *in forma pauperis*.  Plaintiff's Complaint was filed that same day.  The Court makes its best attempt to decipher Plaintiff's Complaint.

Plaintiff's Complaint names as Defendants Judy Barela and Luke Barela ("Defendants").  In his Complaint, Plaintiff alleges Defendants made terroristic threats against him.  Plaintiff further alleges that Judy Barela accosted him regarding an expired protective order.  Plaintiff also alleges that Luke Barela forced Plaintiff to leave a meeting.  The Complaint is unclear as to what type of meeting Plaintiff was forced to leave, but suggests that these altercations with Defendants negatively affected the disbursement of his Supplemental Security Income ("SSI")

---

[1] *See* 42 U.S.C. §1983 (2008).

and Social Security Disability Insurance ("SSDI").  Finally, Plaintiff alleges that Defendants verbally threatened Plaintiff, preventing him from visiting his grandmother.

Though less than clear, Plaintiff appears to assert a claim under 42 U.S.C. §1983, based on alleged violations of Plaintiff's constitutional rights.  Plaintiff does not specify which constitutional rights were violated, nor does Plaintiff explain how Defendants violated these rights.  Plaintiff seeks injunctive relief for his claim, requesting that the Court warn Defendants of "the sensitive nature of [Plaintiff's] home presence" and to prevent Defendants from engaging in behavior that will result in Plaintiff's loss of SSI and SSDI.[2]

## II.  DISCUSSION

With his Complaint, Plaintiff filed a Motion to Appoint Counsel and a Motion for Service of Process.  The Court addresses each Motion in turn and dismisses Plaintiff's Complaint without prejudice.

A.   APPOINTMENT OF COUNSEL

Plaintiff has no constitutional right to counsel.[3]  However, "the Court may request an attorney to represent any person unable to afford counsel."[4]  When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[5]  Considering the above factors, the Court concludes here that Plaintiff has failed to demonstrate that he is

---

[2] Docket No. 3, at 6.

[3] *See Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).

[4] 28 U.S.C. § 1915(c)(1).

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)); *accord McCarthy v. Weinberg*, 753 F.2d 836, 838–39 (10th Cir. 1985).

unable to afford an attorney, his claims may not be colorable, the issues in this case are not complex, and he is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies Plaintiff's motion for appointed counsel.

B.      SERVICE OF PROCESS AND DISMISSAL

Under 28 U.S.C. § 1915(d), "the court shall issue and serve all process, and perform all duties" when a party is allowed to proceed *in forma pauperis*. However, the Court must also screen cases filed *in forma pauperis* and "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[6]

The Tenth Circuit has provided the following guidance for evaluating whether an *in forma pauperis* complaint states a claim for relief:

> "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[7]
>
> We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim . . . In the Rule 12(b)(6) context, "[w]e look for plausibility in th[e] complaint." In particular, we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Rather than adjudging whether a claim is "improbable," "[f]actual

---

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal quotation omitted); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

3

allegations [in a complaint] must be enough to raise a right to relief above speculative level."[8]

"In addition, we must construe a pro se appellant's complaint liberally." This liberal treatment is not without limits, and "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[9]

After carefully reviewing Plaintiff's Complaint, the Court finds that Plaintiff's suit could not survive a motion to dismiss. Plaintiff appears to bring a claim under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[10]

Plaintiff has failed to sufficiently allege either a violation of a right secured by the Constitution and laws of the United States or that Defendants were acting under state law. Plaintiff alleges that Defendants are somehow interfering with his ability to receive his social security benefits, but such vague allegations are insufficient. Additionally, Plaintiff alleges that Defendant Luke Barela works for the Utah Transit Authority, presumably a state agency, but fails to sufficiently allege that Defendant Luke Barela was acting under state law when the actions occurred.

Moreover, Plaintiff's main complaint revolves around his inability to interact with his grandmother. Plaintiff alleges that "lately when [Plaintiff] goes to see [Plaintiff's] grandmother [Defendants] yell at [Plaintiff]."[11] This statement does not prove that Defendants were acting

---

[8] *Id*. at 1217-18 (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 & n.2 (10th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[9] *Id*. at 1218 (quoting *Gaines v. Stenseng*, 292 F.3d at 1224 (10th Cir. 2002); *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted)).

[10] *West v. Atkins*, 487 U.S. 42, 48, (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[11] Docket No. 3, at 8.

under state law, nor does it prove that Defendant's actions violate a right secured by the Constitution and laws of the United States.  Having carefully considered Plaintiff's Complaint, the Court can decipher no other basis for federal question jurisdiction.

Further, Plaintiff's Complaint states that both Defendants are Utah residents and currently reside in Salt Lake City.  Moreover, Plaintiff does not seek monetary relief for this claim.  Based upon this, the Court finds that there is no basis for diversity jurisdiction.  Therefore, the Court will dismiss Plaintiff's claims without prejudice.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Appointment of Counsel and Motion for Service of Process (Docket Nos. 4 and 5) are DENIED.  Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.  The Clerk of the Court is directed to close this case forthwith.

DATED this 4th day of February, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge